COMMONWEALTH v. W. BRADNEY ET AL.

ERROR TO THE COURT OF QUARTER SESSIONS OF CLINTON COUNTY.

126      199
23 SC ¹106
126      199
f 30 SC ² 57

Argued March 22, 1889—Decided May 6, 1889.
[To be reported.]

1. On the trial of an indictment for nuisance, the commonwealth may take an exception to any decision or ruling of the court and have a bill sealed according to the practice in civil cases : Act of May 19, 1874, P. L. 219 ; and a proceeding to quash the indictment is to be considered as a part of the trial.

2. In Pennsylvania, an indictment may be quashed for matters not appearing upon the face of the record, but where no exception is taken to the competency of witnesses examined on the hearing of the motion, no assignment of error raising the question of competency can be considered in this court.

3. While it is the duty of the district attorney, as well as his privilege, to attend upon the grand jury with matters upon which they are to pass, to aid in the examination of witnesses, and to give such general instruction as they may require, yet any attempt on his part to influence their action or to give effect to the evidence adduced, is improper and impertinent.

4. In the absence, however, of any participation of the district attorney in the deliberations of the grand jury, or of effort on his part to influence their finding, his mere presence in the jury room during their deliberations is not good ground for quashing the indictment.

5. An indictment was quashed because a grand juror, by the improper direction of the district attorney, had withdrawn during the deliberations upon it, but being re-committed was returned a true bill upon a re-examination of the witnesses and a vote re-taken by the entire jury, in the district attorney's absence : in such case, it was error to quash the second finding because of the irregularity in the first.

Before PAXSON, C. J., STERRETT, GREEN, CLARK and WILLIAMS, JJ.

No. 329 January Term 1889, Sup. Ct.; court below, No. 18 September Term 1889, Q. S.

On September 28, 1887, the grand jury returned as a true bill an indictment charging Washington Bradney and W. P. Sweeley, supervisors of Chapman township, with neglecting to repair a public highway in said township.

When the cause was called for trial on September 30, 1887, defendants' counsel made a motion to quash the indictment for reasons which appear in the opinion of the court below. A rule was granted to take testimony, and the cause was continued from time to time.

On January 14, 1889, the court, MAYER, P. J., filed the following opinion:

At September Sessions, 1887, the grand jury returned a true bill of indictment against the supervisors of Chapman township for neglecting to repair a road in said township. A. Farwell was the prosecutor upon the indictment. Among the grand jurors impaneled and sworn was Warren Summerson, a citizen and tax-payer of Chapman township, but on that account not disqualified from acting as a grand juror upon this bill of indictment: § 6, act of April 16, 1840, P. L. 411.

The defendants have moved to quash the indictment for the following reasons:

1. Warren Summerson, one of the grand jurors in attendance at said court, was unlawfully and, in violation of the express order of the court, removed from the grand jury room by George A. Brown, district attorney of said county, and was hindered and prevented from entering the same for a long time; and, while he was absent, said district attorney called witnesses before said grand jury, and they, the said grand jury, heard testimony, deliberated and voted upon said bill of indictment, in the absence of said Warren Summerson, and during the time that he was not permitted to enter said room.

2. The district attorney aforesaid remained in the grand jury room during the time that the grand jury were deliberating and voting on said bill, thus destroying all secrecy of action on the part of the grand jury.

3. The district attorney suppressed proper testimony which was in the possession of some of the grand jurors, and deprived the jurors of the benefit of the same, so that they could not act intelligently on the bill.

4. The district attorney took an undue and improper interest in the action of the grand jury upon this bill, far exceeding his duties and authority, and dictated to the grand jury in matters which should have been left entirely to their discretion and within their control.

When the indictment came to be considered by the grand
jury, the district attorney, at the instance of Farwell, the
prosecutor, and without any direction from the court, caused
Warren Summerson, the grand juror from Chapman township,
to withdraw from the grand jury. During his absence the evi-
dence of the witnesses on the part of the prosecution was heard,
the bill considered, a vote taken and a bill returned to the court
·' a true bill." It was admitted by the district attorney in
open court, when the bill was returned by the grand jury with
their indorsement " a true bill," and his attention was called to
the fact that he had ordered Summerson to withdraw from the
jury, that he had done so upon the representation and statement
of Farwell, the prosecutor, that the court had directed Summer-
son to be withdrawn, which was incorrect, as the court had
made no such order, but had declined to do so.

The defendants were entitled to have the bill considered by
the whole number of grand jurors impaneled and sworn, and
it was an improper and unauthorized interference on the part
of the prosecutor to have one of the jurors withdrawn when
his bill was being considered. Besides, it was improper for the
district attorney to be present when a vote was being taken
on the bill. While there can be no objection to the district
attorney being present during the examination of the wit-
nesses, for the purpose of directing the order of the testi-
mony and eliciting the material facts, after the evidence has
been presented, it is, in our opinion, his duty to withdraw
and leave the jury to its unbiased deliberations. His pres-
ence for the prosecution during the vote upon the bill would
necessarily hamper the jury in the exercise of a free and
untrammeled judgment. The practice is thus stated by Justice
FIELD, of the U. S. Supreme Court, in a charge delivered to a
California grand jury : " The district attorney has the right to
be present at the taking of testimony before you, for the pur-
pose of giving information or advice touching any matter cog-
nizable by you, and may interrogate his witnesses before you,
but he has no right to be present pending your deliberations on
the evidence. It is proper to keep in mind the fact that the
only valid basis on which the institution of grand juries rests,
is, that they are an independent and impartial tribunal between
the prosecutor and the accused, and it is the duty of the courts to

refuse to tolerate any practice which conflicts with this independence and impartiality:" Whart. Cr. Plead. & Prac., § 366.

It was admitted by the district attorney in court, and it also appears in the evidence taken by depositions, that he was present when the vote was taken on the bill. After it was discovered that Summerson was improperly withdrawn from the jury, we recommitted the bill to the grand jury, who returned it without changing their finding. This, we think, will not cure the former irregularity. That we have the power to quash the finding of a grand jury for irregularities and for matters dehors the record, will appear from the following authorities. In Brown v. Commonwealth, 73 Pa. 321, it was held that the array of grand jurors should have been set aside and the indictment quashed, because the jury wheel was not properly sealed. In Commonwealth v. Bartilson, 85 Pa. 482, Justice PAXSON, says: "We do not deny the power of the court to quash an indictment for matters not apparent on its face. This is sometimes done for defects in the process for drawing and summoning the grand jury." In Jillard v. Commonwealth, 26 Pa. 169, Justice WOODWARD says: "The irregularities of the indictment were not pleadable in bar of the indictment; at most, it was ground only for a motion to quash;" recognizing the power of the court to quash. The same doctrine is laid down in 1 Whart. Crim. Law, § 480, and authorities might be multiplied.

But it is contended on the part of the commonwealth that the testimony of a grand juror and the district attorney should not be received and considered, for the purpose of invalidating and impeaching the finding of the grand jury. While we might concede (although as stated by TILGHMAN, C. J., in Ritchie v. Holbrooke, 7 S. & R. 458, it has been a vexata questio,) that the affidavit of jurors should not be received to impeach their finding, yet we are not prepared to go to the extent of deciding that the testimony of a district attorney cannot be received for the purpose of showing that he was present when the grand jury acted upon a bill. He is not a member of the grand jury, and the rule does not apply. But whether his evidence was admissible or not, the district attorney was frank enough to admit to the court that he was present when the vote was taken on the bill. We think the reasons are sufficient to require us to quash the bill of indictment.

Indictment is quashed; exception.

Thereupon the commonwealth took this writ specifying that the court erred:

1. In saying: "Besides, it was improper for the district attorney to be present when a vote was being taken on the bill. His presence for the prosecution would necessarily hamper the jury in the exercise of a free and untrammeled judgment."

2. In giving weight to and using the alleged admissions of the district attorney in deciding the motion to quash, after his deposition had been taken and read in the argument of the motion. The deposition was the only testimony before the court.

3. In saying: "The defendants were entitled to have the bill considered by the whole number of grand jurors impaneled and sworn. After it was discovered that Summerson was improperly withdrawn from the jury, we recommitted the bill to the grand jury, who returned it without changing their finding. This, we think, will not cure the former irregularity."

4. In saying: "The reasons are sufficient to require us to quash the bill of indictment. Indictment is quashed."

*Mr. A. W. Brungard*, District Attorney, and *Mr. George A. Brown*, late District Attorney, for the plaintiff in error.

*Mr. W. C. Kress*, for the defendants in error.

OPINION, MR. JUSTICE CLARK:

As this indictment charges a nuisance, it was competent for the commonwealth on the trial to take an exception to any decision or ruling of the court and have a bill thereof sealed according to the practice in civil cases: Act of May 19, 1874, P. L. 219. The proceeding to quash is properly considered as a part of the trial: Commonwealth v. Jackson, 1 Gr. 262. But as there was no exception taken or bill sealed upon the competency of the witnesses examined on the hearing of the motion to quash, no question of that character can arise. The testimony so taken is before us for what it is worth, upon the exception to the order quashing the indictment, and the only matter for

our consideration is, the sufficiency of the evidence to justify that order.

It cannot now be doubted that an indictment may be quashed for matters not apparent upon the face of the record: Bish. Cr. Law, 763. There is an apparent conflict in the cases, but the power of the court in this state has been recognized in frequent instances and to such an extent as to establish the rule beyond question. In support of this we may cite Jillard v. Commonwealth, 26 Pa. 169; Brown v. Commonwealth, 73 Pa. 321; Commonwealth v. Bartilson, 85 Pa. 482; and Commonwealth v. Greene, a case in the Eastern District, not yet reported. It is also true that a motion to quash a bill has been treated as a proceeding addressed to the discretion of the court, a discretion regulated by judicial rule; and, according to the more common practice, perhaps the decision is not open to revision in the higher courts, but in Pennsylvania and in some others of the states the practice is otherwise.: Commonwealth v. Church, 1 Pa. 105; McCullough v. Commonwealth, 67 Pa. 30; Commonwealth v. Keenan, 67 Pa. 203; Hutchison v. Commonwealth, 82 Pa. 472.

It appears that whilst the bill was under consideration of the grand jury, Mr. Brown, the district attorney, told Mr. Summerson, one of the grand jurors, residing in the township in which the road was located, that the court had directed him to withdraw and to take no part in the deliberations of the grand jury in this case; that Mr. Summerson thereupon withdrew and the bill of indictment was afterwards considered in his absence and was returned a true bill. Whilst the district attorney appears to have acted in good faith, he admits that he was mistaken in supposing that the court had given any such instructions. It appears also that the district attorney remained in the room with the grand jury, not only whilst the witnesses were examined on this bill, but during their deliberations upon it and whilst the vote was being taken upon the question whether or not the bill should be returned a true bill. The defendants' contention is that this action of the district attorney was good ground for quashing the indictment, and the learned judge of the court below, being of this opinion, sustained the motion to quash and entered a decree to that effect.

Opinion of the Court.

The district attorney is the attendant of the grand jury; it is his duty as well as his privilege to lay before them matters upon which they are to pass, to aid them in their examination of witnesses, and to give them such general instruction as they may require. But it is his duty during the discussion of the particular case, and whilst the jurors are deliberating upon it, to remain silent. It is for the jury alone to consider the evidence and to apply it to the case in hand; any attempt on the part of the district attorney to influence their action or to give effect to the evidence adduced, is in the highest degree improper and impertinent. Indeed, it is the better practice, and the jurors have an undoubted right to require, that he should retire from the room during their deliberations upon the evidence and when the vote is taken whether or not an indictment shall be found or a presentment made. In the absence, however, of any participation in the deliberations of the jury or effort on his part to influence their finding, we do not think that the mere presence of the commonwealth's officer in the jury room would be good ground for quashing a bill; no case has been called to our attention which carries the rule to this extent.

It is certainly true that the exclusion of Summerson from the jury was an unwarranted act of the district attorney. Summerson was a competent juror, and having been sworn was entitled to sit. The district attorney seems to have been misled by a suggestion of Farwell, the prosecutor, who, coming out of the court room, said to Brown that Summerson should withdraw from the grand jury before the consideration of, or a vote upon this bill. The district attorney, supposing that the court had so ordered, told Mr. Summerson to retire, which he did. Although this appears to have been done in good faith, as far as the district attorney was concerned, it was done rashly, without proper consideration and wholly without authority. But we are relieved from deciding what was the legal effect of the withdrawal of this juror; for, when the bill was returned, the matter was called to the attention of the court, and it was at once referred back to the grand jury, and then, in the absence of the district attorney, upon a re-examination of the witnesses, and in the presence and hearing of Mr. Summerson and of the entire jury, the vote was retaken and the bill was

again returned a true bill. In the absence of all evidence of any corrupt or improper influence exerted upon the jury, either upon the examination or the re-examination of the case, certainly this was sufficient.

It seems that Summerson resided in the township in which this road was situate, and that he had a draft which belonged to the other side. •The district attorney says that Summerson was "caucusing in the corner" with it, and that he told the jury, they had no right to use that draft, or to try the cause; that they had a right to find a true bill or to ignore it, but the proper place to hear the defence was at the trial in court. Now this statement of the district attorney was clearly right, and it was one which it was his privilege to make. We find nothing in the testimony to indicate that the district attorney exercised any undue or improper influence upon the jury, which could have affected them on their deliberations during the re-examination of the case, and their finding was therefore in all respects regular and valid.

> The order and judgment of the Quarter Sessions, quashing the bill of indictment, is reversed, and the record remitted for further proceedings according to law.