## Commonwealth v. Dubil.

*Criminal law—Quashing indictment—Exception for Commonwealth—Act of May 19, 1874.*

1. To the action of the court in quashing an indictment in a criminal proceeding, no exception is allowed to the Commonwealth except in case of nuisance, forcible entry and detainer and forcible detainer.

2. The proceedings to quash an indictment are to be regarded as a part of the trial.

Act of May 19, 1874, P. L. 219, considered.

Motion, on the part of the Commonwealth, for an exception to the quashing of the indictment. Q. S. Columbia Co., Sept. Sess., 1922, No. 34.

*C. W. Dickson,* for motion; *E. J. Flynn* and *W. E. Elmes,* contra.

POTTER, P. J., 17th judicial district, specially presiding, Feb. 19, 1923.—On Feb. 5, 1923, this indictment was quashed, for the reason that it did not charge an indictable offence. At the same time, private counsel for the prosecutor asked for an exception, which was refused by the court for the reason that in this case the Commonwealth was not entitled to the exception. On Feb. 16, 1923, a formal motion was again presented to the court, asking for an exception, and this motion is now before us for disposition.

The Act of May 19, 1874, P. L. 219, appears to cover the matter presented to the court, which provides that a bill of exceptions to the rulings of the court is a matter of right in all criminal cases on the part of the defendant; but bills of exceptions are granted to the Commonwealth only in cases of nuisance, forcible entry and detainer, and forcible detainer.

Several cases have been cited to us as tending to sustain the contention of counsel that the Commonwealth is entitled to an exception in this instance, among which are the cases of Com. v. Keenan, 67 Pa. 203, decided Jan. 3, 1871, and the case of Com. v. Church, 1 Pa. 105, decided at May and July Terms, 1845. Both of these two cases were adjudicated prior to the Act of May 19, 1874, P. L. 219, and are, therefore, not applicable.

The case of Com. v. Bradney et al., 126 Pa. 199, has also been cited to us. This case is right in line with the Act of May 19, 1874, P. L. 219, it being a case of nuisance, and an exception in that case being a matter of right on the part of the Commonwealth.

The case of Com. v. Hegedus, 44 Pa. Superior Ct. 157, is also cited, but we fail to see anywhere in this case any *dictum* laid down as to whether or not an exception is allowable to the Commonwealth in the disposition of criminal cases.

The proceedings to quash an indictment are to be regarded as a part of the trial: Com. v. Bradney, 126 Pa. 199.

The case of Com. v. Carlucci, 48 Pa. Superior Ct. 72, *et seq.*, is a criminal case on the charge of conspiracy, in which the indictment was quashed. On page 79, President Judge Rice, delivering the opinion of the court, says: "The Act of 1874 authorizes a bill of exceptions in favor of the Commonwealth in two cases only—nuisance and forcible entry and detainer. Com. v. Bradney, 126 Pa. 199, was a case of nuisance, and, as pointed out by Justice Clark, the proceeding to quash was to be considered as part of the trial, and as, under the Act of 1874, an exception lay in favor of the Commonwealth in case of nuisance, the evidence adduced on the hearing of the motion was brought on the record by the exception to the order quashing. It is thus seen that that case is not authority for holding that the Commonwealth may in every criminal case bring the evidence on the record by excepting to the order

quashing the indictment. And, after a somewhat extended examination, we find no case which would sustain that general proposition. The law upon that subject, except in the two cases mentioned, remained as it was before the Act of 1874. It logically follows that where the motion to quash is based on allegations of extraneous facts which, if sustained by the evidence, would warrant the court in quashing, and evidence *pro* and *con* has been submitted to the court, the question whether the allegations are sustained by the preponderance of testimony is not brought before the appellate court for determination by the Commonwealth's exception to, and appeal from, the order quashing, except in cases of nuisance and forcible entry and detainer." The case of Com. *v.* Ross, 58 Pa. Superior Ct. 412, on page 417, also enunciates this same doctrine.

When we quashed this indictment, we were of the opinion that in this case the Commonwealth was not entitled to a bill of exceptions. We are still of the same opinion, and we think this opinion is sustained by the authorities and the Act of Assembly of 1874 herein cited.

And now, to wit, Feb. 19, 1923, for the reasons given in this opinion, the motion is refused.

From R. S. Hemingway, Bloomsburg, Pa.