## Com. ex rel. Mills v. Keeper of the Central Police Station.

*Indictments—Rearrest of defendant and submission of second indictment after first indictment had been ignored.*

1. The ignoring by the grand jury of a bill of indictment will not work the relator's legal acquittal, and he may subsequently be rearrested for the same offence on another complaint duly made before a magistrate and sustained by the same testimony as the complaint upon which he was originally held to bail, and a second indictment may be submitted to another grand jury.

2. After a bill has been ignored by a grand jury, further prosecution of the matter, with or without a rearrest, should be cautiously exercised and should take place only when good and sufficient reason exists for the unusual course and when public exigency clearly demands it.

3. In the case at bar, the court dismissed a writ of *habeas corpus* brought by one who had been rearrested for the illegal possession and sale of intoxicating liquor on a warrant sworn out by a police officer after a bill of indictment for the same offence, based on the same evidence, had been ignored by the grand jury.

*Habeas corpus.* Q. S. Phila. Co., May Sess., 1925.

*H. M. Berkowitz,* for relator; *E. M. Abbott,* for Director of Public Safety.

*Warren C. Graham,* Assistant District Attorney, and *Samuel P. Rotan,* District Attorney, for Commonwealth.

McCULLEN, J., June 17, 1925.—Upon a warrant sworn out by a police officer, the relator was arrested, charged with the illegal possession and sale of intoxicating liquor, and, after a hearing before a magistrate, he was held for court.

That the evidence was sufficient to warrant this original binding over is not disputed.

A return having been made by the magistrate, a bill of indictment was presented to the grand jury at April Sessions, 1925, the witnesses whose names were endorsed on the bill were heard and the bill was returned ignored.

The district attorney declined to again submit the bill of indictment to the grand jury, whereupon the police department caused the rearrest and rebinding over of the relator upon the same charge on the oath of the same police officer.

It is admitted that this prosecution is for the same offence and is based upon precisely the same evidence, and is dependent upon the same witnesses heretofore presented to the grand jury.

Whilst a new return is made by the magistrate, there is in reality no new case, since, admittedly, the parties, the charge and the evidence are without change in any respect.

The relator asks to be discharged.

Argument has been presented on his behalf and argument has been presented upon the part of the police department, through its special counsel, and upon the part of the Commonwealth, through its representative, the District Attorney.

The law involved is well settled, and is thus expressed with succinctness in 31 Corpus Juris, at page 587: "It has been held, even in the absence of a statute, that where a bill of indictment has been ignored or returned 'not a true bill' by the grand jury, the prosecuting attorney cannot submit another indictment for the same offence without leave of court, which, although within the discretion of the court, will not be granted unless adequate cause is shown:" Section 52.

"In jurisdictions where an indictment must be preceded by a preliminary examination and commitment or binding over, a new bill of indictment may

and must be based upon a new complaint and a fresh hearing, in the absence of some pressing and controlling necessity:" Section 51.

In support of the course pursued in the present case, counsel for the police department states that the April grand jury ignored a large number of bills of indictment charging offences against the liquor laws; that this indicated a failure of duty on the part of the grand jury, prompting an investigation, which disclosed the unfitness for grand jury service of an individual member who had been the dominant force in that body; that the result of such investigation having been laid before the judge then presiding in the Quarter Sessions, the latter summoned into court the grand jury, and, after publicly interrogating said juror, excused him and another member from further jury service.

Upon examination of the record, we find this action of the court took place on April 27, 1925, and that after such purging of the grand jury, and after the alleged unfit member had been removed, to wit, on April 28, 1925, the bill of indictment charging the relator with the illegal possession and sale of two ounces of intoxicating liquor was presented to and ignored by the grand jury.

The district attorney having declined to resubmit the bill to the grand jury, it is argued that he is now to be required to submit another bill through the rearrest of the relator upon the same charge and upon the same evidence, without more, and it is asserted that the police department, without first securing the approval of the district attorney, may thus act and may arrest, rearrest and continue to arrest until the grand jury be compelled to indict.

The doctrine thus announced is not to be accepted without proper limitation. It is not only coercive in tone, but indicates danger of oppression, and there should be the exercise of care, lest there be produced harmful result  more serious than the evil sought to be suppressed.  The desired respect for and the loyal observance of the law will the more speedily be secured by refraining from unusual procedure presenting oppressive feature.

Apart from cases where the statute of limitations applies, it may be stated as a general proposition that a bar to prosecution for criminal offence is to be found only in an acquittal or in a conviction, and that the ignoring of a bill of indictment by a grand jury is neither of these things. It follows, therefore, that, as against the relator, the right to resubmit a bill of indictment and the right to rearrest exist.  The judicial utterances, however, in the decided cases upon this subject clearly indicate that, after the ignoring of a bill of indictment by a grand jury, further prosecution of the matter, with or without a rearrest, should be cautiously exercised and should take place only when good and sufficient reason exists for the unusual course and when public exigency clearly demands it.

Whilst the district attorney cannot participate in the deliberations of the grand jury, he may be present at its hearings.  Our Supreme Court has said: "The district attorney is the attendant of the grand jury; it is his duty as well as his privilege to lay before them matters on which they are to pass— to aid them in their examination of witnesses, and to give them such general instructions as they may require:" Com. *v.* Bradney, 126 Pa. 199.  He has thus the opportunity from direct contact with that body to ascertain with reasonable certainty whether the grand jury wilfully disregards the law and the evidence in any given case or class of cases, and is qualified to inform the court when the facts warrant request for leave to resubmit the bill of indictment, or are such as to justify a new arrest and a new binding over.

Though it be technically true, it is inappropriate to say there is nothing in the law requiring the complainant to consult the district attorney before

causing a rearrest. Criminal proceedings in the name of the Commonwealth come under the jurisdiction of the district attorney in their prosecution to trial, and when, as in the present instance, an arrest is instigated by public officials after the ignoring of a bill of indictment, it would be seemly at least, if it be not a positive duty, to first consult the district attorney.

That very wise and learned jurist, Judge King, in speaking of the citizens' safeguard against oppressive use of extraordinary remedies in the procurement of indictments, said, his reliance must be upon "the intelligence, integrity and independence which always must be presumed to accompany high public trust,," and that, "in practice, the law officer of the Commonwealth always exercises this power cautiously; generally, under the directions of the courts, and never unless convinced that the general public good demands it:" 3 Clark, 188. This language was made use of in referring to the power to secure indictment without a previous binding over, but like thought must arise whenever it is sought to make use of unusual or extraordinary steps to procure an indictment.

In the instant case the district attorney asks that the relator be held in recognition of the legal principle that the ignoring by the grand jury of the bill of indictment heretofore presented did not work the relator's legal acquittal, and that he is subject to rearrest and indictment. Precedent sustains this.

The long and creditable public record of the district attorney and his commendable attitude in the present situation give assurance that recourse to rearrest and to the resubmission of bills of indictment, where a grand jury has once ignored the charge, will not be permitted to grow into abusive practice to hereafter cause regret or merit condemnation.

The writ is dismissed and the relator is remanded, bail to be entered in the sum of $500, as heretofore fixed by the magistrate.