## Commonwealth v. Reedy

*George J. Gross*, for petitioner.

MAYS, J., October 4, 1935.—An indictment was submitted to the grand jury, sitting for the September sessions 1935, but was ignored. The prosecutor thereupon presented his petition praying that the members of this court, under article v, sec. 9, of the Constitution of Pennsylvania, should act as committing magistrates in the matter. Nothing appears before us that would warrant thus proceeding.

The petitioner here is asking this court to set aside what was the deliberate act and finding of a grand jury. We have no such power except as to the question of costs. It was held in Commonwealth v. Howe, 7 Lack. L. N. 145: "The court has no power to set aside the finding of a grand jury in any particular case, except as to the question of costs; nor can the court reinstate a case, or review the action of a grand jury, so far as it relates to the merits of a case before them."

In Commonwealth v. Whitaker, 25 Pa. C. C. 42, Criswell, P. J., said: "Grand jurors, for some purposes and

to a certain extent, constitute a part of the court. As such they act under oath, being sworn 'well and diligently to inquire and true presentments make.' Having been instructed as to their duties, under the obligation of their oaths, they sit and deliberate privately, and if their returns to the court be in proper form and there be no evidence of misconduct or irregularity on their part, the presumption of good faith, good conduct and regularity which attends the acts, findings and conclusions of all having like deliberative and discretionary powers, will obtain. The fact that they sit and deliberate privately renders it impossible for the court to control, direct and review their proceedings as they may those which are had in their presence, and the fact that from time immemorial they have so sat and deliberated, may be taken as conclusive of the fact that it is not and never was intended that the court should so direct, control and review their proceedings."

The Supreme Court, in Rowand v. The Commonwealth, 82 Pa. 405, 407, said: "On principle, the return of 'ignoramus' made on an indictment by a grand jury ought to be the end of the prosecution originating in the information returned by the committing magistrate. . . . In analogy to the rules by which other judicial proceedings are governed, this ought to be the end of the case founded on the complaint he was called on in the first instance to answer. If the public interest should require that further action should be taken against him, it should be by a new warrant on a new information, except in those rare cases (which should be defined as accurately as possible) in which a district attorney is justified in preferring an indictment without a preliminary hearing."

It becomes manifest, therefore, that if further action is required in the instant case, it should be by a new warrant on a new information, or a resubmission of the same bill. If proceeding by information and warrant, we say,

as did McCullen, J., in Commonwealth, ex rel., v. Keeper of the Central Police Station, 6 D. & C. 215, 217: ". . . it would be seemly at least, if it be not a positive duty, to first consult the district attorney." If the bill be resubmitted, the Commonwealth's officer is the proper officer to move for such resubmission.

Our Supreme Court has said: "The district attorney is the attendant of the grand jury; it is his duty as well as his privilege to lay before them matters upon which they are to pass, to aid them in their examination of witnesses, and to give them such general instruction as they may require": Commonwealth v. Bradney et al., 126 Pa. 199, 205.

Again, quoting from Commonwealth, ex rel., v. Keeper of the Central Police Station, supra, at page 216, the district attorney "has thus the opportunity from direct contact with that body to ascertain with reasonable certainty whether the grand jury wilfully disregards the law and the evidence in any given case or class of cases, and is qualified to inform the court when the facts warrant request for leave to resubmit the bill of indictment, or are such as to justify a new arrest and a new binding over."

And now, to wit, October 4, 1935, the prayer of the petition is refused and an exception noted.