## Commonwealth v. Force

*Albert H. Aston*, District Attorney, for Commonwealth.

*E. Charles Coslett*, for defendant.

FLANNERY, J., July 18, 1957.—Defendant was indicted for fornication and bastardy said to have been committed upon a young lady who, as the Commonwealth agrees by stipulation, was at the time of the acts alleged a married woman with a husband living and undivorced.

The indictment reveals that prosecutrix was the sole witness before the grand jury and defendant moves to quash on the grounds: (1) That the evidence on which the indictment was found was wholly incompetent and; (2) the indictment is, therefore, fatally defective.

This motion raises three issues. First, may a motion to quash the indictment be based on matters dehors the record? Second, was prosecutrix incompetent to testify to the acts alleged? And finally, is an indictment based solely on incompetent evidence vulnerable to a motion to quash? We shall consider these seriatim.

The alleged incompetence of the testimony of prosecutrix admittedly stems from a matter dehors the record, i.e., the existence of the marriage, but we are satisfied that fact does not preclude us from considering its effect under the circumstances presented here. In Commonwealth v. Ross, 58 Pa. Superior Ct. 412, the court held: "There is no doubt that an indictment may be quashed for a cause not apparent on the face of the record." See also Commonwealth v. Bradney, 126 Pa. 199; Commonwealth v. Gross, 172 Pa. Superior Ct. 85, footnote no. 5, p. 90. That the Pennsylvania view may have been otherwise in an earlier day

(Commonwealth v. Church, 1 Pa. 105) is immaterial in view of the later holdings. Under the law as it has presently evolved a motion to quash may be based on matters which do not appear in the instrument.

Was prosecutrix incompetent to testify to the basic facts on which the indictment was found? Children born during wedlock are presumed to be legitimate and it is well settled that both husband and wife are incompetent to testify to nonaccess in order to overcome that presumption (Commonwealth ex rel. Ranjo v. Ranjo, 178 Pa. Superior Ct. 6), and more specificaly a wife whose husband is living and undivorced is not competent to testify to his nonaccess and thereby bastardize her child: Commonwealth v. DiMatteo, 124 Pa. Superior Ct. 277; Cairgle v. American Radiator and Standard Sanitary Corporation, 366 Pa. 249. Nothing could be more obvious than that prosecutrix was incompetent to supply the evidence essential to a true bill.

We then come to the issue of whether an indictment based solely on incompetent testimony is vulnerable to a motion to quash and in view of the authorities we must conclude it is. In Commonwealth v. Halleron, 163 Pa. Superior Ct. 583, the court comments, at page 586:

". . . Appellant contends that the indictment should have been quashed because the only testimony upon which the grand jury returned a true bill was hearsay and therefore incompetent testimony. While an indictment may be quashed where no witnesses appear before the grand jury (Com. v. Brownmiller, 137 Pa. Superior Ct. 261, 268, 9 A. 2d 155), *or where the only witness called was incompetent, . . .*" (Italics supplied). See also Commonwealth v. Woodcroft, 17 Pa. C. C. 554; Commonwealth v. Sees, 31 Pa. C. C. 507; and 1 Sadler, Criminal Procedure In Pennsylvania, 270 §223.

The question of the secrecy of grand jury deliberations is not in issue here; the question is the validity of those proceedings. It is indeed the policy of the law to guard the privacy of grand jury testimony but a more basic question is the existence of testimony, i.e., legal testimony. In the instant case the sine qua non of the deliberations was testimony which was legally incompetent, testimony which the law has condemned on the ground of public policy, public welfare. How can a sound indictment be based on an unsound foundation, or on no legal foundation? We are satisfied it cannot and the conclusion which follows is inevitable. In the absence of competent testimony on an essential element in the alleged crime a prima facie case is not made out; in the absence of a prima facie case a valid indictment may not be found. Such are the facts here and such will be our ruling.

Wherefore, now, July 18, 1957, at 10:30 a.m., defendant's rule to show cause why the indictment should not be quashed is made absolute.