## Commonwealth v. Arnold

*Albert M. Nichols* and *Gilfert M. Mihalich*, Assistant District Attorneys, for Commonwealth.

*William F. Caruthers* and *Vincent J. Morocco*, for defendant.

McCORMICK, J., November 22, 1966.—This matter comes before this court by virtue of an application to quash indictment filed by counsel for defendant in the above captioned matter. Briefly stated, a history of the facts reveals that Larry Alan Arnold was accused and indicted on May 23, 1966, for the alleged murder of David Pedder. An arraignment and preliminary hearing was held before Wayne Gongaware, Justice of the Peace in North Huntingdon Township; and defendant, after such hearing. was held for grand jury action. A bill of indictment was presented by the District Attorney, and the grand jury, on August 5, 1966, returned an "Approved Bill". The case was then scheduled for trial at the criminal term of court, commencing November 28, 1966.

On November 15, 1966, counsel for defendant filed an application to quash indictment lodged against defendant, alleging, inter alia, that Joseph Loughran, District Attorney of Westmoreland County, was present before the grand jury during their deliberation and voting, whose presence was in violation of section 209 of the Criminal Procedure Rules of Pennsylvania.

The District Attorney filed an answer admitting his presence during the deliberation and voting of the grand jury, but denies that his presence was in violation of the laws of Pennsylvania or constitutes such a procedural violation that would warrant the quashing of the approved indictment returned by the grand jury.

The sole question now presented to this court is whether the presence of the District Attorney before the grand jury during their deliberation and voting is fatal to the bill of indictment approved by that grand jury.

Historically, the grand jury is one of the boasted liberties handed down to us and protected by the Constitution. No man can be tried for a crime except upon a bill of indictment duly approved by the grand jury. Grand jurors alone are the watchmen, given the power to investigate the conduct of their fellow citizens and only after their deliberation and voting can an accused be bound and held for trial. The question now arises as to whether the presence of an unauthorized person, during their deliberation and voting, is sufficient grounds to quash an approved bill of indictment against a defendant.

A review of the law relative to this particular matter, prior to the adoption of the criminal procedure rules, reveals that the presence of an unauthorized person in the grand jury room, without more, was insufficient to render an indictment invalid. A landmark case reflecting this view was the case of Commonwealth v. Bradney, 126 Pa. 199 (1889), wherein it was held that:

"The district attorney is the attendant of the grand jury; it is his duty as well as his privilege to lay before them matters upon which they are to pass, to aid them in their examination of witnesses, and to give them such general instruction as they may require. But it is his duty during the discussion of the particular case, and whilst the jurors are deliberating upon it, to remain silent. It is for the jury alone to consider the evidence and to apply it to the case in hand; any attempt on the part of the district attorney to influence their action or to give effect to the evidence adduced, is in the highest degree improper and imperti-

nent. Indeed, it is the better practice, and the jurors have an undoubted right to require, that he should retire from the room during their deliberations upon the evidence and when the vote is taken whether or not an indictment shall be found or a presentment made. In the absence, however, of any participation in the deliberations of the jury or effort on his part to influence their finding, we do not think that the mere presence of the commonwealth's officer in the jury room would be good ground for quashing a bill; no case has been called to our attention which carries the rule to this extent".

In Commonwealth v. Hegedus, 44 Pa. Superior Ct. 157 (1910), a stenographer employed by the district attorney for the purpose of taking notes was present when the grand jury deliberated or voted upon the bill. The court there held that the mere irregularity of the presence of an unauthorized person is not necessarily fatal to the bill, citing Commonwealth v. Bradney, supra. However, the court, on page 164, went on to say:

"We venture the opinion that the mere presence of the district attorney during the deliberations of the grand jury and their voting on the bill is an act which viewed abstractly is more likely to influence the grand jury then the mere presence of a stenographer in the performance of his clerical duties to the district attorney during the taking of testimony. If the former act does not per se vitiate the indictment, it is difficult to see upon what sound principle it can be laid down as an inflexible rule of law that the latter act is fatal, where there is no ground for suspicion even that it was actually prejudicial to the accused. The fact that no Pennsylvania precedent can be found in the books where such practice has been approved or held not to be cause for quashing is not conclusive of the question. . . ."

Throughout other reported cases, the general theme was that while it was better practice for the district attorney or his assistants to retire from the room during the grand jury deliberation and voting, in the absence of any participation or any effort on their part to influence the grand jury, the approved or true bill returned could not be quashed. This was the ruling law, and the courts refused to upset this system, stating time and again that there was no Pennsylvania precedent found to the contrary.

On June 30, 1964, the rules of criminal procedure governing institution of criminal proceedings, grand jury, indictment and business of the court, as recommended by the Criminal Procedural Rules Committee appointed by an Act of Assembly, were adopted and promulgated by the Supreme Court of Pennsylvania, effective January 1, 1965.

Rule 209 of said adopted rules reads as follows:

"209. Who May Be Present During Sessions of Grand Jury.

"The attorney for the Commonwealth, the witness under examination, and an interpreter when needed, may be present while the grand jury is in session, but no person other than the jurors may be present while the grand jury is deliberating or voting".

We are of the opinion that, in view of the nebulous court decisions as to whether or not the presence of an unauthorized person during the sessions of grand juries was fatal to an approved bill, the rules of criminal procedure, adopted in 1964, provide specifically as to who may be present during these sessions. When the Supreme Court of this Commonwealth adopted rule 209, it is this court's opinion that it was their intention to prohibit the presence of any person other than the jurors themselves. They have promulgated that *no person* other than the jurors themselves may be present while the grand jury is deliberating or vot-

ing. The rules precisely state that no person—and this is to include the District Attorney and his assistants—is to be present during the deliberation and voting. If the Supreme Court had intended exceptions to the "no person" clause, they would have clearly stated so. Their failure to do so can only be construed to mean that they did not desire the presence of any unauthorized person during deliberation and voting.

It is, further, this court's opinion that by rule 209, the Supreme Court intended to adopt as substantive law what was formerly only dicta; that it was better practice for the District Attorney or his assistants to retire from the room during deliberation and voting. What was merely a directive of good practice has now become a mandatory prohibition of the presence of anyone but the grand jurors themselves during deliberation and voting.

The language of rule 209 is too strong to rule otherwise. By its specific provisions, rule 209 restricts who may be present in the grand jury room. Logically, it seems to follow that if the rule is to have any meaning, its violation is basis per se for quashing an indictment. To rule otherwise would be to undermine the purpose and effect of the rules of criminal procedure.

It is also the District Attorney's contention, as raised by new matter in his answer, that rule 304(e) makes defendant's application to quash untimely. Rule 304(e) states:

"All grounds for the relief demanded shall be stated in the application and failure to state a ground shall constitute a waiver thereof".

The District Attorney now argues that since the application to quash for the reason that the district attorney was present was not filed within the original motion to suppress, he is now precluded from filing any new motions, since his failure to do so previously constitutes a waiver under rule 304(e). This conten-

tion is without merit, since the discovery of the District Attorney's presence with the grand jury during their deliberation and voting came to defendant's knowledge after the original motion to suppress was filed. Rule 305 of the rules of criminal procedure in part states:

"Time For Application and Service.

"Except as provided in these Rules, no pretrial application shall be considered if made less than ten days before trial unless opportunity therefor did not exist or the defendant or his attorney was not aware of the grounds for application".

It, therefore, is axiomatic that defendant, in filing his application to quash indictment, was timely and proper, in view of the procedural right granted by rule 305 of the rules of criminal procedure. The new matter raised by the District Attorney's answer does not apply in this situation.

### ORDER

And now, to wit, November 22, 1966, it is hereby ordered, adjudged and decreed that the application, being a petition to quash the indictment, be and is hereby sustained. The District Attorney is directed to file a new complaint on a charge of murder against defendant, Larry Alan Arnold, and thereby proceed forthwith with a presentation of an indictment to the next grand jury based upon the aforesaid complaint.