## Gordon *versus* Commonwealth.

1. A prosecutrix swore on cross-examination that she did not testify to certain facts when before the grand jury. The defendant called the foreman of the grand jury to prove what she actually did testify. The court excluded him on the ground of public policy. *Held*, that this was error, and he was competent to so testify.

2. On no sound principle can it be ·said that a witness who has testified before a grand jury shall be permitted to claim that his evidence was a privileged communication, so that it shall not be shown, under the direction of the court, whenever it becomes material in the administration of justice. It is material when the evidence is necessary to protect public or private rights.

November 20th 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON and TRUNKEY, JJ. STERRETT and GREEN, JJ., absent.

Error to the Court of Quarter Sessions of *Washington county*: Of October and November Term 1879, No. 149.

Indictment of James A. Gordon for fornication and bastardy, and seduction.

On September 17th 1878, information was made by Ida May Hamilton, charging Gordon with seduction, fornication and bastardy. At January sessions 1879, a bill of indictment was found a true bill by the grand jury. The case was continued to March sessions 1879, at which term Gordon was put upon trial, the indictment containing two counts, one for fornication and bastardy, and one for seduction.

Upon the trial of the said indictment, the prosecutrix testified, that she became acquainted with defendant in the spring of 1876; that this acquaintance was followed by attentions paid to her, which finally culminated in an engagement of marriage some time in the fall of the same year, but with no time fixed for the marriage. She further testified, that on September 1st 1877, this promise was renewed, and the 15th of said month fixed as the time for the marriage; that on the night of September 2d, the day after the alleged engagement was definitely made, the defendant had criminal intercourse with her, and again on both the 5th and 6th of said month. On October 1st 1877, Gordon left home and remained away until September 1878, when he voluntarily returned and, learning of the information for seduction made on the 17th of that month, entered into recognisance, for his appearance at January sessions 1879. On October 6th 1877, five days after Gordon went away, an information was made by said Ida May Hamilton, charging him with a rape, committed upon her the night of September 29th 1877. Upon this information, a bill of indictment was found at January term 1878, by the grand jury, of which James B. Ruple was foreman. Upon the trial of the case for seduction, fornication and bastardy,

[Gordon v. Commonwealth.]

the prosecutrix, upon cross-examination, testified, that she was a witness before the grand jury at January sessions 1878, upon the investigation of the charge of rape ; that James B. Ruple was foreman of that body ; and that she had then testified, that the rape was committed on the night of September 29th 1877. She was then asked whether, during the said investigation, she was not asked by the said foreman in the presence of the grand jury, if prior to September 29th, the time of the alleged rape, Mr. Gordon had ever had criminal connection with her at any time, and whether she had not said in answer to that question, " No. He had frequently insisted upon it, but I had always refused him. That was the first, last and only time." The prosecutrix denied having been asked such question or having made such answer.

Afterward the defendant called Ruple, and made the following offer, viz. :

" Defendant offers to prove by the witness, that he was foreman of the grand jury at January term 1878, before which body a bill of indictment for rape on the information of the prosecutrix, was preferred against Gordon, the defendant, that the said Miss Hamilton testified before them, that the defendant had committed upon her the rape charged, on the 29th day of September 1877 ; that the witness propounded to her this question, whether or not Gordon had ever had criminal connection with her at any time before that date ; and that Miss Hamilton testified in reply, that he had often insisted upon it, but she had always refused him, and that that was the first, last and only time. This for the purpose of affecting the credibility of the prosecutrix, with reference to the testimony heretofore given by her in this case."

To this offer, objections were made, on the ground of incompetency ; and that, it is against the policy of the law to permit a member of the grand jury to disclose what was sworn to in the grand jury room.

The court, Hart, P. J., overruled the offer, sustaining the second objection made thereto.

The jury found the defendant guilty, when he took this writ and alleged, that the court erred in sustaining the objection to the above offer of evidence.

*Crumrine & Murdock*, for plaintiff in error.—There is nothing in the oath of the grand juror to prevent him from disclosing what a witness testified to in the grand jury room, when called upon to do so in a judicial proceeding, and in a proper case : Whart. Ev., sect. 601 ; Commonwealth v. Hill, 11 Cush. 137 ; Commonwealth v. Mead, 12 Gray 167 ; Way v. Butterworth, 106 Mass. 75 ; People v. Hulbut, 4 Denio 133 ; King v. Marsh, 1 Lead. Crim. Cases (Bennett v. Heard) 270–271.

The oath of the grand juror does not prohibit his testifying what

[Gordon *v.* Commonwealth.]

was done before the grand jury, when the evidence is required for the purposes of public justice, or the establishment of private rights: Burnham *v.* Hatfield, 5 Black. 21.

The witness who testifies before the grand jury, has no privilege to have his testimony treated as a confidential communication, but he ought to be considered as deposing under all the obligations of an oath in judicial proceedings; and, therefore, the oath of the grand juror is no legal or moral impediment to his solemn examination under the direction of the court, as to evidence before him, whenever it becomes material to the administration of justice. * * * When a witness testifies differently in the trial before the petit jury from what he did before the grand jury, the grand jurors may be called to contradict him, whether his testimony be favorable or adverse to the prisoner: The State *v.* Broughton, 7 Ired. 96.

The testimony of grand jurors is admissible to prove, that a witness on behalf of the prosecution testified differently on his examination before them, from the testimony given by him before the jury at the trial: Commonwealth *v.* Meade, 12 Gray 169; State *v.* Fossett, 16 Conn. 466. We, therefore contend, that neither upon principle nor by force of any rule established by the policy of the law, should our offer have been excluded.

*Braden & Miller* and *J. Add. McIlvaine,* District Attorney, for the Commonwealth.—The rule of the common law anciently was, that the proceedings before a grand jury *in toto* were a sealed book. Not only did the policy of the law, in the furtherance of justice, require this, but the jurors were sworn to secrecy. For many years in England, a witness could not be convicted of perjury committed in his examination before a grand jury, except upon the testimony of others than the members of the jury: Regina *v.* Hughes, 1 C. & K. 519 (47 E. C. L. R.); Regina *v.* Gazzard, 34 E. C. L. R. 911; 2 Russell on Crimes 912. The first invasion of this rule was, that where a witness is indicted for perjury on account of false testimony before a grand jury, the grand jurors are competent witnesses to prove the facts: 1 Whart. Am. Crim. Law 508; 1 Archibald's Crim. Pr. & Pl. 488, note 1. The next invasion of the ancient rule was, the calling of a grand juror to prove who the prosecutor was in the case: 2 Russell on Crim. Law 912; Sykes *v.* Dunbar, 2 Selw. N. P. 1075. The New York and Massachusetts statutes are consistent with these departures.

In Pennsylvania, we have no statute modifying the old common law on this subject, further than Sykes *v.* Dunbar, *supra,* does; and we have, as far as we can find, only one deliverance of the Supreme Court on this subject: Huidekooper *v.* Cotton, 3 Watts 56; and this in no way makes a further modification so as to admit the defendants's offer.

We take it, that there are no authorities cited on the other side,

[Gordon v. Commonwealth.]

nor are there any as far as we know, that would allow a grand juror in this state to testify as proposed in the offer of the defendant below.   He can testify in a perjury case arising out of the examination of a witness before the grand jury ; he can testify as to who the prosecutor was, in a case where the bill was ignored; and he might testify whether a particular person was examined before the grand jury or not.   Any further modifications of the old common law than these, are found in other states, and arise out of constitutional and statutory provisions.

Mr. Justice MERCUR delivered the opinion of the court, January 5th 1880.

This was a prosecution for seduction, fornication and bastardy. The prosecutrix testified that the plaintiff in error had criminal connection with her on the 2d, 5th and 6th respectively, of September 1877.   On cross-examination she answered that she was a witness before the grand jury at the January Sessions 1878, on a charge of rape against him, and then testified that the rape was committed on the 29th of September 1877.   She was further questioned whether, on that hearing she was not asked by the foreman of the grand jury, if prior to the 29th September, the time of the alleged rape, Mr. Gordon ever had criminal connection with her, and whether in answer thereto she did not say "No.   He had frequently insisted upon it, but I had always refused him.   That was the first, last and only time."   She swore she was not asked that question, and made no such answer.   With a view of casting discredit on her testimony, and impairing her character as a witness, the plaintiff in error called the foreman of that grand jury, and proposed to prove by him that he did then ask her that question, and that she so answered.   The question put to the grand juror was objected to, principally on the ground that it was against the policy of the law to permit a grand juror to disclose what was sworn to in the grand jury room.   The court sustained the objection.   This constitutes the sole ground of alleged error.

If the witness be incompetent for the purpose offered, it must be by reason of public policy.   The question to its full extent does not appear to have been ruled by this court.   As the rule was held at an early day he would be incompetent.   For a long time, however, the courts have gradually been modifying its strictness, and manifesting a determination to distinguish between the character of the evidence offered.   The juror may be a competent witness for some purposes and not for others.   Thus in Sykes v. Dunbar, 2 Wheat. Selw. N. P. 1072, one of the grand jury by whom a true bill had been found, was held competent to testify as to who was the prosecutor, although it was contended he could know the fact only from the testimony which had been produced before him in his character as a grand juror, and which it was claimed he was

[Gordon *v.* Commonwealth.]

bound not to disclose. This case was cited with approbation in Huidekoper *v.* Cotton, 3 Watts 56, and the competency of a grand juror to testify as to who was the prosecutor, affirmed. In this case that part of the grand juror's oath, "the Commonwealth's counsel, your fellows and your own, you shall keep secret," was considered, and a reasonable construction given to it. Substantially it was said the oath and whole proceeding before a grand jury were intended to protect the innocent witness and juror, but to punish the guilty party. It should not be so construed as to punish the innocent or obstruct the due course of justice. On no sound principle can it be said that a witness who has testified before a grand jury shall be permitted to claim that his evidence was a privileged communication, so that it shall not be shown, under the direction of the court, whenever it becomes material in the administration of justice. It is material when the evidence is necessary to protect public or private rights. It must be conceded that the rule shall not be carried so far as to conflict with the juror's oath. He shall not testify how he or any member of the jury voted, nor what opinion any of them expressed in relation thereto, nor to the act of either which might invalidate the finding of the jury. His action, and the action of his fellow-jurors, must be shown only by the returns which they make to the court. What a witness has testified to before them is quite another matter. A witness may be indicted for perjury, for false swearing before a grand jury, and grand jurors are competent witnesses to prove what he swore to before them : 1 Whart. Am. Crim. Law, sect. 508. It is said in 1 Whart. Law of Ev., sect. 601, "It was at one time supposed that a grand juror was required by his oath of secrecy to be silent as to what transpired in the grand jury room ; but it is now held that such evidence, whenever it is material to explain what was the issue before the grand jury, or what was the testimony of particular witnesses, will be required." This conclusion appears to be sustained by numerous authorities, among which may be cited : Thomas *v.* Commonwealth,. 2 Robinson (Va.) 7.95 ; State *v.* Offnutt, 4 Blackf. 355 ; State *v.* Fassett, 16 Conn. 457 ; Commonwealth *v.* Hill, 11 Cush. 137 ; State *v.* Broughton, 7 Ired. 96 ; Commonwealth *v.* Mead, 12 Gray 167 ; Way *v.* Butterworth, 106 Mass. 75. The case of Commonwealth *v.* Mead, *supra*, rules the precise case we have before us. It was an indictment for manslaughter. To contradict a witness who testified in behalf of the Commonwealth, on the trial, the defendant offered to prove by the grand jurors who found the indictment, that he testified differently before them. The court below excluded the witnesses on the ground that it was against public policy and established practice to permit grand jurors to detail the evidence given before them, for the purpose of impeaching the witness on the trial of the indictment. On exceptions taken the case was reversed. The court

[Gordon *v.* Commonwealth.]

holding that when the case was reached for trial all useful pur-
poses of secrecy had been accomplished. The necessity and
expediency of retaining the seal of secrecy were at an end, and
the jurors were held competent for the purpose of proving the
facts.

The indictment for the rape in which the prosecutrix testified
was found in January 1878. In the present case the indictment
was found in January 1879. The district attorney elected to try
the latter first. The offer in contention is not to prove what the
witness testified to before the grand jury in the prosecution for rape
with a view of contradicting it, or of casting discredit on its accu-
racy. Its purpose is to impair her testimony now by proving that
she swore to a different state of facts on another occasion, in con-
flict with her present evidence. It is not in conflict with the oath
of a grand juror, to prove by him her previous testimony. It is
material evidence of which the plaintiff in error should not be
deprived unless demanded by public policy. We think it is solely
a question of public policy. The reasons given at an early day
for excluding the kind of evidence offered, and for holding a grand
juror incompetent to testify to such facts, have lost their force.

The knowledge by a witness, who is examined before a grand
jury, that the jurors may testify to what he has there sworn, will
tend to advance the cause of truth and justice. A wise public
policy, and the rights of person and of property, require us to hold
the foreman of the grand jury to be a competent witness for the
purpose offered.

Judgment reversed and a *venire facias de novo* awarded.