## Commonwealth *v.* John Roth, Appellant.

*Practice, O. & T.—Motion to quash—Presumption—Appeal.*

Even if upon a motion to quash an indictment the court could receive proof of the facts alleged therein—a point not decided—it must be presumed, in the absence of a bill of exceptions, that it heard the evidence and decided correctly.

Argued May 13, 1898. Appeal, No. 191, April T., 1898, by defendant, from judgment of Q. S. Butler Co., Dec. Sess., 1897,

No. 69, on verdict of guilty. Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ. Affirmed.

Indictment for assault and battery. Before GREER, P. J.

The following facts appear from the record:

December 6, 1897, defendant having been refused his request to have witnesses called in his behalf before the committing justice, C. E. Anderson, and said refusal not spread upon the justice's docket, on December 7, 1897, made his affidavit of these facts before R. B. Gilchrist, an acting justice of the peace, and on grand jury week, December 10, 1897, his attorney presented a motion to quash the indictment for the reason " that upon the preliminary hearing in said case before C. E. Anderson, the committing justice, defendant demanded a hearing and the privilege of producing and having heard certain witnesses then and there named in his behalf and the said justice refused to allow the said witnesses to be called or heard in defendant's behalf," attaching to said motion said affidavit.

December 11, 1897, motion to quash refused.

December 11, 1897, defendant's attorney asked for an exception to the court's refusal of defendant's motion to quash the indictment.

Court refused to grant or note an exception.

Verdict of guilty and sentenced to pay a fine of $50.00 and undergo imprisonment for a period of ten months. Defendant appealed.

*Error assigned* was in refusing defendant's motion to quash the indictment.

*Joseph B. Bredin,* for appellant.—The question at issue is, Does any judicial tribunal having jurisdiction of the cause before it, commit error in refusing to receive the testimony of competent witnesses ? Defendant was entitled to have his witnesses heard : Act of May 23, 1887, P. L. 158.

The first section of the act of May 23, 1887, has been construed only in three cases to writer's knowledge, to wit: Com. v. Sheriff, 10 C. C. R. 341; Com. v. Hughes, 1 Dist. Rep. 596; Com. v. Wintersteen, 6 Dist. Rep. 641.

Where is there a Pennsylvania act of assembly empowering a magistrate to hold a preliminary hearing? None that we know of: Albright v: Lapp, 26 Pa. 99.

The independence of the United States was in 1776 and the constitution a few years later, and no statute of Pennsylvania giving justices authority to have a preliminary hearing has ever been passed.

*A. M. Christley*, for appellee, relied upon Com. v. Wintersteen, 6 Dist. Rep. 641.

Witnesses were called, sworn and testified, were cross-examined by appellant, and if nothing more had been heard we think the hearing would have been good. This, as PERSHING, P. J., said in Com. v. Hughes, 1 Dist. Rep. 596, gave the accused a chance to ascertain the time, place and circumstances of the crime charged against him, and thus enable him, if he is innocent, to prepare his defense.

PER CURIAM, July 29, 1898:

The defendant moved to quash the indictment for reasons not appearing upon the record and after conviction appealed, assigning the refusal of the motion for error. Whether or not such an order can be assigned for error, it is very clear that it cannot be when the facts upon which the motion was founded were not brought upon the record in any authorized way. If, upon a motion to quash an indictment the court could receive proof of the facts alleged in this motion—a point not decided —it must be presumed, in the absence of a bill of exception, that it heard the evidence and decided correctly. Finding no error in the record the judgment is affirmed and the record remitted to the end that the sentence be carried into effect.