## Commonwealth v. Edmiston, Appellant.

*Criminal law—Indictment—Quashing indictment—Witness—Appeals.*

The Superior Court has authority to review the action of the quarter sessions in refusing to quash an indictment; but where the action of the lower court is purely discretionary it will not be set aside unless there be an abuse of discretion both manifest and flagrant.

Where the motion to quash an indictment is based on an allegation of facts outside of the record proper, the revisory jurisdiction of the appellate court is necessarily confined to a determination of the question arising upon the latter, taken in connection with the facts or the evidence duly brought upon the record by bill of exceptions.

The Act of March 31, 1860, sec. 10, P. L. 427, giving authority to the foreman and members of the grand jury to administer the oath to a witness whose name is indorsed on the indictment, does not abrogate the common-law practice by which witnesses were sworn in open court and sent before the grand jury.

The Superior Court will not reverse an order of the quarter sessions refusing to quash an indictment because the indictment was found upon the testimony of a single witness whose name was not indorsed on the indictment, where it does not appear from the record either affirmatively or by necessary implication not only that the indictment was found as alleged, but also that the witness was not sworn before the court.

Argued Nov. 13, 1905.    Appeal, No. 202, Oct. T., 1905, by defendants, from order of Q. S. Blair Co., Oct. T., 1905, No. 38, refusing to quash indictment in case of Commonwealth v. Lewis Edmiston and Scott Shaw.    Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ.    Affirmed.

Indictment for keeping a gambling house.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was order refusing to quash indictment.

*H. Price Graffius*, for appellants.—Only those individuals whose names have been indorsed on the bill by the district attorney can be sworn.    If others are examined, and their names then added by the jurors, it is improper, and the bill will be quashed on motion : Sadler's Criminal Procedure, p. 245, sec. 195 ; Com. v. Price, 3 Pa. C. C. Rep. 175, 4 Kulp, 289 ; Com. v. Schall, 9 Lanc. L. Rev. 332 ; 5 York Leg. Record, 139 ; Com. v. Frescolm, 11 Lanc. L. Rev. 161 ; Com. v. Wilson, 9 Pa. C. C. Rep. 24 ; Jillard v. Com., 26 Pa. 169.

*J. Banks Kurtz*, for appellee, filed no printed brief.

OPINION BY RICE, P. J., January 13, 1906 :

The defendants were charged in an indictment containing two counts with violations of sec. 55 of the act of March 31, 1860 P. L. 382 relative to gambling.    The direct evidence of their guilt adduced at the trial was abundant and uncontradicted ; it also was shown, and of this there was no denial, that

by payment of money they induced two of the commonwealth's witnesses to absent themselves at the time the grand jury was in session in order to prevent the finding of a true bill. They offered no evidence whatever, and the court submitted the case to the jury with brief but adequate description of the offenses charged, entirely justifiable comments on the testimony and, in conclusion, the instruction that if the jury had a reasonable doubt as to the guilt of the defendants they were entitled to the benefit of the doubt and to an acquittal. No exception was taken to the charge or to any ruling upon evidence, and the defendants raise no question on this appeal, and could raise none which would have legal merit, as to the form or substance of the indictment, the sufficiency or competency of the evidence, the charge of the court, or the sentence imposed. The single matter assigned for error is the denial of their motion to quash the indictment upon the ground, as stated in the motion, " that a witness, whose name was not marked on the back of the indictment, was called before the grand jury and sworn by the foreman." It appears by the docket entries that the motion was overruled, the defendants : excepted and a bill was sealed. After this appeal was taken and on the same day that the cer- tiorari·was deposited in the office of the clerk of the quarter sessions the defendants presented a petition to that court, al- leging that upon the hearing of the motion to quash, the dis- trict attorney admitted in open court certain facts, which they were advised should have been stated in the ruling of the court, and, since they were not so stated, praying the court to designate a time " to technically formulate the exception and seal a bill for the defendants." On the day appointed pursuant to the petition the president judge filed a paper purporting to " add to the record " a statement of what occurred upon the hearing of the motion to quash, which, although not sealed, was evidently intended to be the perfected bill of exceptions, and we shall so treat it. The facts set forth in it, so far as material here, are, that the district attorney did not deny that the indictment was found a true bill upon the testimony of a single witness whose name was not indorsed on the indictment, but he claimed that he was justified in sending such witness before the grand jury because the defendants had induced the witnesses named on the indictment to abscond ; also—this is

the judge's finding—that counsel for defendants, before making the motion, knew the name of the witness who testified before the grand jury, but said witness did not testify in the trial of the case.

The district attorney questions our authority to review the action of the quarter sessions in refusing to quash an indictment. We hold, following the Pennsylvania decisions in which the question has been duly considered, that we have such authority in a proper case: Commonwealth v. Bradney, 126 Pa. 199 ; Commonwealth v. Hall, 23 Pa. Superior Ct. 104. Where, however, the action of the court is purely discretionary it will not be set aside unless there be an abuse of discretion both manifest and flagrant: Rowand v. Commonwealth, 82 Pa. 405 ; Commonwealth v. Green, 126 Pa. 531 ; Commonwealth v. Beldham, 15 Pa. Superior Ct. 33 ; Commonwealth v. Sheppard, 20 Pa. Superior Ct. 417 ; Commonwealth v. Brown, 23 Pa. Superior Ct. 470. Where the motion to quash was based on an allegation of facts outside of the record proper, our revisory jurisdiction must necessarily be confined to a determination of the question arising upon the latter, taken in connection with the facts or the evidence duly brought upon the record by a bill of exceptions : Commonwealth v. Bradney, 126 Pa. 199 ; Commonwealth v. Roth, 8 Pa. Superior Ct. 220 ; Commonwealth v. Mock, 23 Pa. Superior Ct. 51. It is important to keep this in mind, for a comparison shows that the statement of facts contained in the bill of exceptions is not as broad, either in form or substance, as that set forth in the petition therefor. Reduced to its simplest terms it amounts to this, that the indictment was found upon the testimony of a single witness called by the district attorney, whose name was not indorsed on the indictment. The case is not presented of an indictment found upon the testimony of an interloper or of a witness called by the grand jury of their own motion. The question for our determination is, whether the facts set forth in the bill of exceptions are sufficient to rebut the presumption that the bill was found upon the testimony of a witness, or witnesses, lawfully sworn.

At common law the witnesses were sworn in open court and sent to the grand jury : 1 Ch. Cr. L. 322. By our statute it is provided : " The foreman of any grand jury, or any member

thereof, is hereby authorized and empowered to administer the requisite oaths or affirmations to any witness whose name may be marked by the district attorney on the bill of indictment : " ' Act of March 31, 1860, sec. 10, P. L. 427. We know of no decision of our Supreme Court ruling the precise question ; but there are several reported decisions of the courts of quarter sessions of the state to the effect, that the power of a foreman or member of a grand jury to administer oaths to witnesses upon indictments preferred by the district attorney is confined to the witnesses whose names have been indorsed upon the indictment by him, and that if a witness whose name was not thus indorsed on the bill and who was not sworn before the court testifies before the grand jury, this is ground for quashing the indictment. The nearest approach to a decision of the question by the Supreme Court is Jillard v. Commonwealth, 26 Pa. 169, where it was held that this is not pleadable in bar, but at most is ground only for a motion to quash. But it is quite clear that the statute giving authority to the foreman and members of the grand jury to administer the oath does not abrogate the common-law practice : 9 Am. & Eng. Ency. of Law (1st ed.), 16. Hence, to warrant us in reversing the action of the court below it ought to be made to appear affirmatively, or by necessary implication, not only that the indictment was found a true bill upon the testimony of a witness whose name was not indorsed thereon, but that he was not sworn before the court. A careful examination of the bill of exceptions shows that this latter fact is not expressly stated, and is not necessarily to be implied from what is stated. This may be regarded as a somewhat technical view to be taken of the record, but upon reflection it will be seen that it is after all the only safe view. For while we may surmise that the witness was not sworn before the court, yet we can do no more than surmise that fact from this record. The defendants, in view of all the circumstances to which we have alluded at the outset of this opinion, are not in a position to demand that we go outside the record, even if we had discretionary power to do so, which we have not.

The judgment is affirmed.