## Commonwealth v. Gerstman, Appellant (1).
## Commonwealth v. Gerstman, Appellant (2).

*Jury—Grand jury—Indictment—Extent to which grand jurors may be examined as to their action—Criminal law.*

While grand jurors may be examined as to what witnesses had testified before them with regard to an indictment and what the testimony of such witnesses had been, no member of a grand jury

will be permitted to testify how he, or any member of a jury voted on an indictment, nor what opinion any of them expressed in relation thereto, nor the act of either which might invalidate the finding of the grand jury. His action, and the action of his fellow jurors must be shown only by the returns which they make to the court.

Argued Dec. 6, 1915. Appeal, No. 196, Oct. T., 1915, by defendant, from order of O. & T. Northampton Co., Dec. T., 1914, No. 67, refusing to quash indictment in case of Commonwealth v. Hugo Gerstman. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON and TREXLER, JJ. Affirmed.

Indictment for receiving stolen goods. Before STEWART, P. J.

At the trial on June 15, 1915, before pleas entered, or jury sworn, the defendant, Hugo Gerstman, moved to quash indictment No. 67, December Term, 1914, for the reasons specified, and asked leave to call witnesses and to present testimony in support and proof of the same:

1. Because this indictment, No. 67, December Term, 1914, was submitted to the grand jury and was considered and voted upon by the grand jury simultaneously with indictment No. 66, December Term, 1914, Commonwealth v. Hugo Gerstman and Joseph Pearl; No. 68, December Term, 1914, Commonwealth v. Aladior Enfie; No. 69, December Term, 1914, Commonwealth v. Joseph Kish and Rosie Kish; No. 75, April Term, 1915, Commonwealth v. Hugo Gerstman and others; and indictment No. 70, December Term, 1914, Commonwealth v. Elizabeth Riegler; indictments Nos. 68, 69 and 70 being for offenses not connected with the offense charged against this defendant.

2. Because during and upon the consideration of this indictment by the grand jury, the following witnesses, Paul Smellick, Thomas A. Reed, Arthur Newman, Thomas Wilson were called before the grand jury and their testimony taken by the grand jury without the

names of said witnesses first having been endorsed upon the indictment as required by law, and without first having been sworn in open court as alternately required by law.

The Court: Mr. Davis, all of the names of the witnesses who appear in the second reason to quash were persons who appeared before the grand jury and their names were endorsed on some or more of the indictments; that is a fact?

Mr. Davis: Yes.

The Court: And the real substance of the motion is that they were all voted on at the same time?

Mr. Davis: The motion is doublefold. The substantial motion is that those indictments were considered and voted on simultaneously, and the fact that they relate to four separate cases. That of course we can't go into now, but it will appear when we take testimony on the trial itself. And the second objection is that these witnesses were heard, their testimony relating to each indictment, without their names being endorsed on that indictment, but appearing, as your honor has said, on another indictment.

The Court: You propose to call a witness. Who is your witness?

Mr. Davis: I have the foreman of the grand jury here, Morris J. Kiefer, together with other members of the grand jury.

Mr. Seip: To which the Commonwealth objects, for the reason that the defendant in this case cannot call any one or more of the grand jury to impeach any act of the grand jury. No member of the grand jury can be questioned what the jury did or what opinion its members expressed; all they can be called for would be what particular witnesses might have testified with regard to any particular case before a grand jury at the time.

The Court: Where for the purposes of justice it is necessary to know what the witness really did testify to.

Mr. Seip: That is the position I take. But the action

of the grand jury itself, such as its vote, or its deliberations, when no witness was present, when they were in executive session, with no one present, what any particular grand juror may have expressed as his opinion is not to be investigated, nor can it be challenged or inquired into. The record is here and of the result of their transactions, and under the cases I don't think the testimony of the witnesses can be impeached.

The Court: The motions to quash for the reasons given are denied on the authority of Commonwealth v. Gordon, 92 Pa., Commonwealth v. Zeigler, 12 Central Rep., Commonwealth v. Green, 126 Pa., Commonwealth v. Bradney, 126 Pa., the distinction being that this motion is intended to affect the action of the grand jury, not of individual witnesses before the grand jury. Bill sealed for defendants.

*Error assigned* was order refusing to quash the indictment.

*Parke H. Davis,* for appellants.—Grand jurors may be examined as to the regularity of their proceedings in taking testimony and in voting upon bills of indictment: Com. v. Twirchell, 1 Brewster 551; Com. v. Green, 126 Pa. 531; Com. v. Hegedus, 44 Pa. Superior Ct. 157; Com. v. Edmiston, 30 Pa. Superior Ct. 54.

A grand jury may not vote simultaneously upon a number of indictments presenting different defendants and involving separate and distinct offenses.

*Asher Seip,* for appellee.—The deliberations of the grand jury cannot be inquired into, nor their finding impeached by the testimony of any one or more of their number: Gordon v. Com., 92 Pa. 216.

Where the action of the court is purely discretionary, it will not be set aside unless there be an abuse of discretion both manifest and flagrant: Rowand v. Commonwealth, 82 Pa. 405; Commonwealth v. Green, 126 Pa.

488     COM. *v.* GERSTMAN, Appellant (1) (2).

531; Commonwealth v. Beldham, 15 Pa. Superior Ct. 33; Commonwealth v. Sheppard, 20 Pa. Superior Ct. 417; Commonwealth v. Brown, 23 Pa. Superior Ct. 470.

The question for determination is whether the facts set forth in the bill of exceptions are sufficient to rebut the presumption that the bill was found upon the testimony of a witness or witnesses lawfully sworn: Commonwealth v. Edmiston, 30 Pa. Superior Ct. 54.

OPINION BY PORTER, J., October 9, 1916:

The specifications of error in this case refer only to the action of the court below in overruling the defendant's motion to quash the indictment. The motion to quash was for reasons not appearing upon the record, and the burden was upon the defendant to establish the facts which he alleged as grounds for quashing the indictment. The bill of exceptions in this case brings up no evidence with the record; it could not do so, for the reason that the defendant took no testimony upon his motion to quash. The assertion of the defendant was that the grand jury had voted simultaneously upon a number of indictments, charging different defendants with separate and distinct offenses, having no connection with each other. He argued that from this alleged fact it must be assumed that the grand jury, in passing upon this particular bill, had considered the testimony of the witnesses who had appeared with regard to each and every one of the other bills and whose names had been properly endorsed upon the indictment with respect to which they had testified. The only thing brought up by this bill of exceptions is the ruling of the court upon the extent to which the defendant would be permitted to interrogate the members of the grand jury as to the proceedings of that body, and which was as follows: The defendant proposed to call certain members of the grand jury and interrogate them as to their proceedings. The district attorney objected to permitting any member of the grand jury to give testimony impeaching any act of

the grand jury, involving the deliberations of that body or how its members voted. He expressly conceded the right of the defendant to examine the grand jurors as to what witnesses had testified with regard to this indictment and what the testimony of such witnesses had been. The court in passing upon this objection ruled that members of the grand jury could not be interrogated as to the opinions expressed by the members of that body in passing upon this indictment, nor as to the manner in which they voted nor as to whether they voted upon this bill and other bills, having no connection with it, at the same time. This ruling having been made, the defendant made no attempt to prove the fact that witnesses whose names were not endorsed upon this particular indictment had been produced and testified at the time testimony was being taken before the grand jury with regard to the indictment, which the ruling of the court would have permitted him to do. He made no offer to prove such facts as would have been admissible under the authority of Commonwealth v. Bradney, 126 Pa. 199; Commonwealth v. Green, 126 Pa. 537, and Commonwealth v. Edmiston, 30 Pa. Superior Ct. 54. It must be assumed, therefore, that the only purpose of the defendant in calling members of the grand jury as witnesses was to impeach the action of the grand jury, by showing that in their deliberations they had voted upon several distinct indictments at the same time. There is in this case no suggestion of the presence or interference of any outside party during the deliberations of the grand jury, if there was any impropriety it was that of the grand jury, while acting as a deliberative body. No member of the grand jury can be permitted to testify how he or any member of the jury voted, nor what opinion any of them expressed in relation thereto, nor the act of either which might invalidate the finding of the grand jury. His action, and the action of his fellow jurors, must be shown only by the returns which they make to the court: Gordon v. Commonwealth, 92 Pa.

216; Commonwealth v. Zeigler, 10 Sadler 404. There was no error in the ruling of the court below as to the extent to which the grand jurors might be interrogated, under the conditions presented in this case. The specifications of error are dismissed.

The judgment is affirmed, and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence, or any part of it, which had not been performed at the time this appeal was made a supersedeas.