## Commonwealth v. Wills, Appellant.

*Criminal law—Involuntary manslaughter—Proof of character—Evidence.*

Evidence of good character is substantive and positive proof in a prisoner's behalf. It may give rise to reasonable doubt which would not otherwise exist by making it improbable that a man of such character would commit the offense charged. On a prosecution for involuntary manslaughter, arising out of an automobile accident it is not error for the court to charge as follows:

"The question of the reputation of the defendant in any criminal case, of course, is to be considered. Where there is testimony of good reputation, it is a fact, a substantive fact which you are to take into consideration; but the only bearing that could have in this case would be as to the probabilities of how this accident happened, because it is not a question of careful driving in itself, or carelessness in the ordinary sense of those terms, provided there is that lack of proper care to protect parties who were on the street."

*Criminal law—Involuntary manslaughter — Reasonable doubt — Charge of court—Instructions to jury.*

In a prosecution for involuntary manslaughter the instructions by the court on the question of reasonable doubt that "the burden rests upon the Commonwealth in every case to satisfy you beyond any reasonable doubt, as to the guilt of the defendant," are sufficient.

Argued May 8, 1919. Appeal, No. 60, April T., 1919, by defendant, from judgment of Q. S. Allegheny Co., Nov. T., 1917, No. 44, from verdict of guilty in case of Commonwealth v. Wallace L. Wills. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, WILLIAMS and KELLER, JJ. Affirmed.

Indictment for involuntary manslaughter. Before CARPENTER, J.

At the trial the court charged in part as follows:

[The question of the reputation of the defendant in any criminal case, of course, is to be considered. Where there is testimony of good reputation, it is a fact, a substantive fact which you are to take into consideration; but the only bearing that could have in this case would be as to the probabilities of how this accident happened, because it is not a question of careful driving in itself, or carelessness in the ordinary sense of those terms, provided there is that lack of proper care to protect parties who were on the street.]

Before the jury retires, I want to say to you, gentlemen, what you have so often heard, that [the burden rests upon the Commonwealth in every case to satisfy you beyond any reasonable doubt, as to the guilt of the defendant.]

Verdict of guilty upon which judgment of sentence was passed. Defendant appealed.

*Error assigned*, among others, were the portions of the charge of the court as above, quoting them.

*Edmund K. Trent*, and with him *Prichard, Trent & Montgomery*, for appellant.

*Harry A. Estep*, Assistant District Attorney, and with him *Harry H. Roward*, District Attorney, for appellee.

PER CURIAM, July 17, 1919:

The only suggestion of error on this appeal is that the charge of the court was inadequate in discussing the bearing and weight of the evidence relating to good reputation and when discussing the presumption of innocence and burden of proof in such a case. The court held the Commonwealth strictly to the rule that it must satisfy the jury, beyond any reasonable doubt, as to the guilt of

the defendant, and following Commonwealth v. Berney, 66 Pa. Superior Ct. 434-440, and the same case on appeal to the Supreme Court, 262 Pa. 174, the instruction was adequate. And so too as to evidence in regard to good reputation, the charge was fully sustained by Commonwealth v. Harmon, 199 Pa. 521, and Commonwealth v. Webb, 252 Pa. 196. The case was fairly submitted in an adequate charge, and under all the clearly established facts, any other verdict than that rendered would have been a mistake.

The judgment is affirmed, the record to be remitted to the court below and it is ordered that the defendant appear therein at such time as he may be called and be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.