## Commonwealth *v.* Baker, Appellant.

*Criminal law—Unlawful possession and sale of drugs—Evidence.*
In a trial of an indictment, general in its form, for the possession and sale of narcotic drugs, evidence of possession relating to more than one date, and of sales to more than one person, is admissible in support of the complaint.

Argued Oct. 30, 1925.   Appeal No. 224, Oct. T., 1925, by defendant from judgment and sentence of the Court of Quarter Sessions, Philadelphia County, January Sessions, 1925, No. 240, on verdict of guilty in the case of Commonwealth of Pennsylvania vs. Octavius Baker, otherwise known as Octavius Bacon.   Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.   Affirmed.

Indictment for possessing and selling narcotic drugs. Before REED, P. J. of O. C. 47th Judicial District, specially presiding.

The opinion of the Superior Court states the case.

Verdict of guilty on which judgment of sentence was passed.   Defendant appealed.

*Error assigned* was the charge of the Court, quoting it.

*John R. K. Scott,* and with him *Wm. T. Connor,* for appellant.

No appearance and no printed brief for appellee.

OPINION BY HENDERSON, J., December 14, 1925:

The defendant was indicted under the Act of July 11, 1917, P. L. 758 for selling and possessing narcotic drugs.   The first witness called by the Commonwealth, Benjamin Washington, testified that he had bought forbidden drugs from the defendant at different times and that he had seen the defendant in possession of such drugs from time to time.   Another witness, Ray

Jackson, testified without objection that he had bought such drugs from the defendant "plenty of times," and that the defendant had the drugs in his possession at the times of such purchase. The complaint of the appellant now is that the charge of the court was inadequate in that instruction was not given to the jury that the testimony of Jackson was not admissible to show a distinct offense from that appearing in the testimony of Washington; that the Commonwealth having introduced evidence to show sales to Washington, evidence of sales to another person being a distinct offense was not admissible as tending to establish sales to Washington. The argument briefly is that if the jury concluded there was a sale and possession of drugs which passed from the defendant to Jackson alone, and disregarded and disbelieved the testimony tending to show that the defendant possessed drugs which he sold to Washington, then the defendant was not convicted of the offense for which he was indicted but was convicted of one of the other offenses, to wit, the possession and sale of some of the drugs which Jackson claimed he had procured from the defendant on a number of occasions. It is not contended that the evidence of Jackson was not admissible but that it was only admissible for a limited purpose bearing on the sale to Washington. No request was made to the court for more specific instruction and we think the objection might be dismissed for that reason, but it will be observed that the indictment does not charge a sale to Washington. It is general in its terms and is in a form approved for nearly two centuries in this jurisdiction when offenses of this general character are the subject of indictment: Commonwealth v. Baird, 4 S. & R. 141; Jillard v. Commonwealth, 26 Pa. 169; Genkinger v. Commonwealth, 32 Pa. 101. Under such an indictment sales to more than one person may be shown in support of the complaint. It will be further noticed that the indictment is general and, therefore,

includes the charge for the possession of drugs which is ordinarily a continuing offense and may be proved by evidence relating to more than one date. The learned counsel for the appellant recognizes the admissibility of the evidence of Jackson showing the commission of acts of the defendant similar to those alleged by the witness, Washington, for the purpose of corroboration as to guilty knowledge and intention but the testimony was clearly admissible to show possession by the defendant and we think competent to show a specific offense. In the case of an indictment general in its form for the sale of liquor without a license, it is the practice to prove sales to more than one person if the evidence is at hand: Commonwealth v. Montross, 8 Pa. Superior Ct. 237, and there is no apparent reason why a similar practice should not obtain in prosecutions for the sale of narcotic drugs.

The conviction was on each of the counts and as the sentence imposed was not greater than the statute permits for the possession of drugs the judgment should be sustained as well founded on the charge of possessing, with respect to which we think there can be no doubt of the admissibility of the testimony of Jackson as well as Washington. We are not convinced that there is any error in the charge of the court which requires reversal.

The judgment is affirmed and the record remitted to the court below and it is ordered that the defendant appear in that court at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.