Commonwealth v. Grill, Appellant.

Argued October 15, 1928.

Before HENDERSON, TREXLER, KELLER, LINN, GAW-
THROP and CUNNINGHAM, JJ.

*A. A. Santella,* and with him *John J. Haberstroh,*
for appellant.

*Richard H. Gilbert,* District Attorney, for appellee.

OPINION BY KELLER, J., November 14, 1928:

Appellant was convicted of unlawfully possessing,
selling, etc., intoxicating liquors for beverage pur-
poses, (Act of March 27, 1923, P. L. 34). The indict-
ment was general in form, with separate counts,
charging respectively the unlawful possession, sale,
etc., of such liquors. No bill of particulars was asked
for or filed.

The nine assignments of error filed raise but two
questions:

(1) Did the court err in permitting the Commonwealth to give evidence tending to show the possession and sale of such liquors by the defendant on three separate dates, all within two years of the finding of the indictment?

(2) Were the court's instructions as to reasonable doubt adequate and sufficient?

(1) The action of the court below was in accord with the ruling of this court in Com. v. Vigliotti, 75 Pa. Superior Ct. 366, 380; Com. v. Finch, 80 Pa. Superior Ct. 386, 388; Com. v. Baker, 86 Pa. Superior Ct. 376, 377; and Com. v. McDermott, 37 Pa. Superior Ct. 1. In the last mentioned case, which was a prosecution for selling oleomargarine, this court said, speaking through Judge Morrison (p. 9): "The practice in trials upon indictments charging the sale of intoxicating liquors is a familiar example of allowing evidence of sales on other days than the one laid in the indictment." The practice goes back over a hundred years and is based on the decision of the Supreme Court in Com. v. Baird, 4 S. & R. 141, 143; followed in Genkinger v. Com., 32 Pa. 99, 102. In any event the evidence was admissible under the count charging unlawful possession, which is a continuing offense: Com. v. Baker, supra, p. 378; and the sentence imposed was not greater than the statute permits for unlawful possession of such liquors.

There is nothing in our decision in Com. v. Nunamaker, 84 Pa. Superior Ct. 97, which conflicts with the rule. That case did not decide that evidence of several sales of liquor could not be given under one indictment. Evidence was so given in that case without objection on our part. We there held that where the evidence showed that (1) possession, (2) transportation and (3) sale of liquors were not so connected with each other as to form one transaction and be considered as phases of the same event or offense,

the three offenses could not be included in the *single count* of an indictment, and that the Commonwealth must elect whether it would stand on the possession, the transportation or the sale.

(2) The instructions of the court on reasonable doubt were within our decisions in Com. v. Taylor, 78 Pa. Superior Ct. 386; Com. v. Wills, 72 Pa. Superior Ct. 73; Com. v. Berney, 66 Pa. Superior Ct. 434. It is not reversible error, in the trial of a misdemeanor, or even of a felony, unless the charge is murder, "to instruct as to reasonable doubt in the very language of the law and stop with that," in the absence of a request for fuller instructions on the subject: Com. v. Taylor, supra, p. 388.

The assignments of error are overruled. The judgment is affirmed and it is ordered that the defendant appear in the court below at such time as she may be there called and that she be by that court committed until she has complied with the sentence imposed or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.