From W. G. Barker, Mercer, Pa.

## Commonwealth v. Fotte

*James J. Gallagher*, district attorney, and *M. M. Burke*, for Commonwealth.

*G. A. Berner*, for petitioner.

Koch, P. J., December 21, 1931.—We have made the caption here as it appears in the petition. The case was certified over into the court of oyer and terminer and tried there.

The defendant was convicted of burning the Catholic church rectory in Mahanoy Plane, Pa. [see Com. *v.* Fotti, 93 Pa. Superior Ct. 365]. Fire was set to the building on the outside, around 1 o'clock in the morning. The defendant was the chief instigator in the crime. Three others were involved with him and all of them have been sentenced. Four persons, including the priest, who occupied the rectory when the fire occurred, fortunately made their escape after being awakened by an alarm from the outside of the building.

The granting of a parole in this case is opposed and our power to grant it is questioned.

In the case of Com. *v.* Roberts, 6 D. & C. 342, it was held by Reno, P. J., that a court has no power to parole any prisoner who is convicted and sentenced for arson; and Williams, P. J., held that one convicted of murder may not be paroled: Com. *v.* Simmons, 12 D. & C. 75. In the case of Com. *v.* Burr et al., 5 D. & C. 172, Burr, the petitioner, who applied for a parole, was one of a "liquor ring" engaged in the illegal sale and transportation of liquor, and the court held that he was not entitled to a parole. It is held in the three cases cited that the Act of June 19, 1911, P. L. 1055, "authorizing the release on probation of certain convicts, instead of imposing sentences," and the act of the same date, P. L. 1059, "extending the powers of judges of courts of quarter sessions and of oyer and terminer, in relation to releasing prisoners in jails and work-

houses on parole," must be construed together; that both of them are part of the parole system in this Commonwealth.

Both of said acts have been amended.

The first of these acts provides for the suspension of sentence of, and putting on probation, a person convicted of any crime, excepting the crimes of "murder, administering poison, kidnapping, incest, sodomy, buggery, rape, assault and battery with intent to ravish, arson, robbery or burglary." The power of suspending sentence is made to apply where "it does not appear to the said court that the defendant has ever before been imprisoned for crime, either in this state or elsewhere (but detention in an institution for juvenile delinquents shall not be considered imprisonment), and where the said court believes that the character of the defendant and the circumstances of the case such that he or she is not likely again to engage in an offensive course of conduct, and that the public good does not demand or require that the defendant should suffer the penalty imposed by law." In such cases "the said court shall have power to suspend the imposing of the sentence and place the defendant on parole for a definite period, on such terms and conditions as it may deem right and proper."

The second act referred to, which extends the powers of the judges to parole imprisoned convicts, was last amended by the Act of May 11, 1923, P. L. 204, which says: "That the courts of quarter sessions and the courts of oyer and terminer of the several judicial districts of the Commonwealth, and other courts of record having jurisdiction, are authorized, after due hearing, to release on parole *any convict* confined in the county jail, house of correction, or workhouse of their respective district." (Italics ours.)

Parole may be granted only on a petition verified by affidavit. "Upon the presentation of any such petition, the court shall fix a day for hearing. . . . . After such hearing, the court shall make such order as to it may seem just and proper." The act further provides for the recommitment and reparole of a convict. The power of parole extends "for a period not to exceed the maximum sentence provided by law for the offense of which the convict was convicted, regardless of the sentence first imposed upon the prisoner."

A new act was passed this year; the Act of June 22, 1931, P. L. 864. It says: "That any convict serving any sentence in a state penitentiary, the minimum of which sentence exceeds one-half the maximum sentence, shall be eligible to apply for release on parole, under present existing parole laws or any hereinafter passed, when said convict has served or will have served one-half of the maximum sentence thereof."

It, therefore, appears to us that the power of parole relates to any convict whose sentence is less than life imprisonment. And I think that when a person has an indeterminate sentence imposed upon him, a parole may be considered only upon the expiration of the minimum sentence, and even then the convict is not entitled to any benefits under the act entitled "An act providing for the commutation of sentences, for good behavior of convicts in prisons, penitentiaries, workhouses and county jails of this State, and regulations governing the same," approved May 11, 1901, P. L. 166. See section six of the Act of June 19, 1911, P. L. 1055, as amended by the Act of June 29, 1923, P. L. 975.

But, irrespective of the correct interpretation of the acts of assembly regulating the subject of probation and parole, the application of Frank Fotte does not appeal to us. He is well known to all the members of this court. We do not think the intention of the legislature is that criminals of his kind shall be paroled before the expiration of the minimum sentence imposed upon them.

The petition is dismissed.